IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:10-cr-10016-02 -JDB |
| ) | |
| EDDIE JONES, ) | |
| ) | |
| Defendant, | |

## MOTION FOR REVIEW OF ORDER OF DETENTION

**COMES NOW** the Defendant, Eddie Jones, by and through his undersigned counsel, Leslie J. Fatowe, and hereby files this Motion for Review of Order of Detention and moves the Court for a revocation or amendment of the Magistrate Court's Order of Detention pursuant to 18 U.S.C. § 3145(b). In support thereof presents new information that was not presented at the detention hearing and states as follows:

### INTRODUCTION

The Defendant Jones is charged in the above-captioned matter with a co-conspirator in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 to conspire to unlawfully possess with the intent to distribute cocaine and to distribute cocaine. The eight-count indictment filed on April 18, 2011-06-08. Mr. Jones is named in Count 1 – conspiracy, Count 2 – July 2, 2010 possession of controlled substance with intent to distribute, and Count 3 – July 8, 2010 possession of controlled substance with intent to distribute.

On May 2, 2011, Magistrate Judge Edward G. Bryant entered an Order of Detention Pending Trial detaining the Defendant Jones subsequent to a detention hearing.

Based upon the proof presented by the government, the Pre-Trial Services report, argument of counsel, and pursuant to 18 U.S.C. § 3142(g) Judge Bryant found that no condition or combination of conditions of release would reasonably assure the appearance of the defendant as required or the safety of any other person and the community.

## STANDARD OF REVIEW

The review of a magistrate's order of detention, requires that the reviewing Court not simply defer to the judgment of the magistrate, but the reviewing court should reach an independent conclusion. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) (citing *United States v. Delker*, 757 F.2d 1390, 1394-95 (3rd Cir. 1985) (holding that the district court was correct in making an independent determination of the defendant's eligibility for release on bail); *United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985); see also *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990) (*de novo* standard of review, rather than deferential standard, applied to district court's review of magistrate's decision denying pre-trial release from detention on grounds that defendant was a flight risk); *United States v. King,* 849 F.2d 485, 491 (11th Cir. 1988); *United States v. Maull*, 773 F.2d 1479 (8th Cir. 1985)(en banc); *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985).

Defendant Jones has new facts to present to the Court. Events involving the health and welfare of his mother, Rose Jones. These events have occurred since his detention hearing and involve the hospitalization of his mother at Jackson General for heart and stomach problems.

Pursuant to 18 U.S.C. § 3145(b), the Defendant requests that this Court hold an evidentiary hearing on his motion and revise or revoke the magistrate's order of detention to allow the Defendant Jones to be released from pre-trial detention with a combination of conditions that will reasonably assure his appearance at trial and the safety of any other person and the community.

## ARGUMENT

### I. Defendant Jones Does Not Present A Risk of Flight

Defendant Jones does not pose a risk of flight as he does not have the financial ability to finance a life as a fugitive, nor does he have the incentive to leave his mother as she struggles with her medical problems. He does not have funds with which to flee from the jurisdiction or maintain a life hiding from authorities. His immediate and extended family and friends live in Obion County, Tennessee. His friends or family would not and could not support efforts to flee the jurisdiction.

### New Information

Since his detention hearing, Rose Jones, the mother of Defendant Jones has suffered, debilitating heart problems combined with medical issues involving her stomach.

Ms. Jones has a history of serious cardiac problems and other health issues. Her medical problems increased in severity and she was admitted to Jackson General in late May 2011. Upon her admittance, she was placed in ICU for a week, and has not been moved out of ICU to a regular patient room while tests are run. There are concerns of family friends and of the Defendant that his mother's health issues could be life threatening. Ms. Jones has suffered from poor health for a while.

Counsel spoke to Ms. Jones and confirmed that she was a patient at Jackson General. Ms. Jones was not able to provide information as to the duration of her hospitalization. However, she is concerned that she will not see her son and that she has no one at home to help care for her upon release.

The Jones family has suffered from tragedy in the past twelve months. Defendant Jones's brother died last year unexpectedly. The Defendant and his mother are convinced that he was murdered. The unexpected loss of her son and the circumstances of his death have created a tremendous strain on Ms. Jones.

Defendant Jones is concerned that he is the only person available to care for his mother, as there are no other siblings available to take care of her. He is also concerned that in her fragile health that without being released to care for his mother that her physical health will continue to deteriorate.

Based on these facts and additional facts to be presented at an evidentiary hearing on this motion, the government cannot prove by a preponderance of the evidence that the Defendant poses a serious risk of flight. The threat of flight must be serious; the threat of flight may not be speculative. *United States v. Jamal*, 285 F. Supp. 2d 1221 (D.Aziz. 2003). Moreover, the fact that the charges against a defendant are "serious" is not, by itself, enough to justify detention on the basis of a risk of flight. *United States v. Giordana*, 370 F. Supp. 2d 1256 (S.D. Fla. 2005).

**Electronic Monitoring**

Defendant Jones understands the concerns of the Court and the government with regard to his being a danger to the community. He understands that the government must prove by clear and convincing evidence that Defendant Jones presents a danger to the

4

community. *United States v. Vortis*, 785 F.2d 327 (D.C.Cir. 1986), *United States v. Chimurenga*, 760 F.2d 400 (2d Cir. 1985); *United States v. Fortna, supra*; *Untied States v. Hazime*, 762 F.2d 34 (6th Cir. 1985); *United States v. Portes*, 786 F. 2d 758 (7th Cir. 1985); *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985).

However, Defendant Jones asserts that the tools available to the Court that include electronic monitoring and random drug screens provide a device to counter these concerns. Electronic monitoring and random drug screens as well as the standard conditions of release can effectively assure that Court that the movements and actions of t Defendant Jones be monitored in such detail and in such a timely manner as to assure the Court that he would pose no danger to the community. The Defendant would submit to 24 hour electronic monitoring and any other conditions the Court would impose to be released to care for his mother.

## CONCLUSION

Considering the factors set forth in 18 U.S.C. § 3142(g), Defendant Jones submits that there are conditions of release in lieu of detention that will reasonably assure his appearance in court as required and the safety of any person in the community. Accordingly, the Defendant respectfully requests that this Court revoke or amend Magistrate Judge Bryant's May 2, 2011 Order of Detention and order that Defendant Walker be released from detention pending trial subject to conditions or a combination of conditions that the Court deems necessary to ensure that the Defendant makes his court appearances as required and to assure the safety of any other person in the community.

WHEREFORE PREMISES, CONSIDERED, Defendant Eddie Jones hereby requests a hearing on his Motion for Review of Order of Detention and that the

May 2, 2011 Order of Detention be revoked or amended to allow for conditions for release.

    Respectfully submitted, this the 10th day of June 2011.

                                      /s/ Leslie J. Fatowe_____
                                      LESLIE J. FATOWE (BPR #07167)
                                      Attorney for Defendant Eddie Jones
                                      211 East Main Street
                                      Jackson, Tennessee 38301
                                      (731)422-0044
                                      lesliefatowe@att.net

## **CERTIFICATE OF CONSULTATION**

I, Leslie J. Fatowe**,** hereby certify that I consulted with Assistant United States Attorney David C. Henry, regarding the Motion for Review of Order of Detention, and he could not agree to the motion.

s/ Leslie J. Fatowe\_\_\_\_
LESLIE J. FATOWE

## **CERTIFICATE OF SERVICE**

I, Leslie J. Fatowe, do hereby certify that I have electronically filed the foregoing Motion for Review of Order of Detention with the Clerk of the Court via the Court's Electronic Case Filing (EFC) system, which sent notification of said filing to all counsel of record, this the 10th day of June 2011, and the foregoing was sent via First Class mailing postage pre-paid, or hand-delivery to:

Henry C. Henry
Assistant United States Attorney
Office of the United States Attorney
Western District of Tennessee
109 South Highland, Suite 300
Jackson, Tennessee 38301

and

United States Pre-Trial Services
Western District of Tennessee
109 South Highland, Basement
Jackson, Tennessee 38301

s/ Leslie J. Fatowe\_\_\_\_
LESLIE J. FATOWE
