IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Cr. No. 11-10016 |
| | ) |
| EDDIE JONES, | ) |
| | ) |
| Defendant. | ) |

PLEA AGREEMENT

Come now the parties herein, the defendant, EDDIE JONES, being represented by counsel, LESLIE FATOWE, and the United States, being represented by DAVID C. HENRY, Assistant United States Attorney for the Western District of Tennessee and hereby agree as follows:

1. The following plea agreement constitutes the entire agreement between the parties, and the parties agree that any issues not specifically addressed by this plea agreement shall be resolved by the Court in accordance with the applicable statutes, guidelines, rules and case law.

2. The defendant agrees to plead guilty to Count 1 of the Superseding Indictment in the above-styled cause charging the defendant with Conspiracy to Distribute a

1

Controlled Substance ending July 8, 2010. The defendant will pay the $100.00 special assessment prior to sentencing. The government agrees to dismiss the any remaining counts at sentencing.

3. There is no agreement as to the appropriate criminal history of the defendant, or whether or not the defendant is a career offender, or whether or not the defendant is an armed career criminal. The defendant understands that if he is an illegal alien that he will be subject to automatic deportation upon the conviction of a felony drug controlled substance offense.

4. Should it be judged by the Government that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting, obstructing or impeding justice within the meaning of United States Sentencing Guidelines Section 3C1.1 or has failed to make any court appearances in this case, from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw his plea, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the defendant would not release the defendant from this plea of guilty.

5. Based on the defendant's anticipated future assistance to the Government, it is contemplated that the Government may recommend to the Court a departure in the

defendant's sentence pursuant to U.S. Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e). This would be solely within the discretion of the Government and is not part of the plea agreement. Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, including the defendant's provision of complete and truthful information which assists in the investigation or prosecution of other individuals and complete and truthful testimony at subsequent proceedings when needed. The defendant acknowledges that the Government's determination of whether the defendant has cooperated fully and provided substantial assistance, and the Government's assessment of the value, truthfulness and completeness of the defendant's assistance, is solely within the judgement and discretion of the Government and shall be binding upon the defendant.

6. The parties agree that the Government will recommend that the defendant receive a full reduction for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, providing the defendant commits no new criminal offenses and continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the indictment. However, the defendant understands that whether or not acceptance of responsibility is granted is a matter to be determined by the district court. Failure of the district court to grant acceptance of responsibility is not a basis for the defendant to withdraw his guilty plea

or to appeal his sentence.

7.  The parties agree to recommend that the Defendant be sentenced at the low end of the applicable guideline range. However, the defendant understands that whether or not the Defendant is sentenced at the low end of the applicable guideline range is a matter to be determined by the district court. Failure of the district court to sentence the Defendant at the lowest end of the applicable guideline range is not a basis for the Defendant to withdraw his/her guilty plea or to appeal his/her sentence.

8.  The defendant is aware that 18 U.S.C. § 3742 affords him/her the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the

appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his/her right to appeal the sentence to be imposed in this case was knowing and voluntary.

9. The defendant agrees to waive his/her right to challenge his/her conviction and sentence, and the manner in which the sentence was determined, and (in any case in which the term of imprisonment and fine are within the maximums provided by statute) his/her attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

10. The defendant understands and agrees that the Court will make the final determination of facts as to any sentence and as to any mitigating or aggravating factors concerning the sentence to be imposed. Adverse rulings by the Court shall not be grounds for the withdrawal of the defendant's guilty plea or to appeal any sentence imposed. The Court is not limited to consideration of the facts and events provided by the Government.

11. There are no other agreements between and among the parties to this agreement. The defendant is satisfied that all acts and/or any omissions of counsel for the defense have been the result of reasonable professional judgment and that defendant has been

provided adequate legal representation in this case. The defendant enters this agreement freely, knowingly, and voluntarily, and upon the advice of counsel.

Respectfully submitted,

EDWARD L. STANTON, III
United States Attorney

_____
LESLIE FATOWE
Counsel for the Defendant

_____
DAVID C. HENRY
Assistant U.S. Attorney
(TN Bar No. 012986)
109 South Highland, Suite 300
Jackson, Tennessee 38301
(731) 422 6220

_____  8-5-11
EDDIE JONES                Date
Defendant

6