IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:10-cr-10016-02-JDB |
| | ) |
| EDDIE JONES, | ) |
| | ) |
| Defendant, | ) |

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS
AND
SENTENCING MEMORANDUM**

## POSITION OF THE DEFENDANT WITH REGARD TO SENTENCING FACTORS

**COMES NOW** the Defendant, Eddie Jones, by and through his undersigned counsel, Leslie J. Fatowe, have reviewed the Presentence Report prepared by the United States Probation Office. There are no objections to the U.S.S.G. offense conduct guideline calculations (offense level 12 – 2 for acceptance = offense level 10) or to the criminal history category (3 criminal history points = Criminal History Category II) as contained in the Presentence Report.

Defendant Eddie Jones has been in custody since his arrest on April 25, 2011 on the warrant from federal court. Calculating the time in custody from the date of his arrest, Mr. Jones has been in custody for approximately 7 months 13 days.

The Plea Agreement entered into by the parties recommended that Mr. Jones receive a sentence at the low end of his guideline range. As calculated by the U.S.S.G, Mr. Jones has a sentencing guideline offense level of 10 and is a Criminal History Category of II. The result is a sentencing range of 8 to 14 months in Zone B.

Mr. Jones is asking the Court to depart from the guidelines and sentence him to probation with a condition that he submit to a drug assessment to determine whether he needs to attend drug-counseling treatment.

## SENTENCING MEMORANDUM

Offense Conduct
PSR Pages 5 & 6
    ¶ 9 & ¶ 14

The Plea Agreement signed by Mr. Jones, specifically stated that the offense conduct used to calculate the sentencing range would end with Mr. Jones participation in the Count 1 conspiracy conduct that took place on July 8, 2010.

The United States Probation Office prepared a Presentence Report that contained offense conduct for a drug sale prior to those described in the police reports for this case: June 28, 2010 - .6 grams of cocaine. Also included were drug sales that took place after the offense conduct for this case: July 15 – 1.7 grams cocaine and July 26, 2010 - .6 grams of cocaine.

The inclusion of these three June and July drug sales are considered "relevant conduct." These amounts do not change the U.S.S.G. offense level applied to Mr. Jones. These amounts do not change the guideline calculation. The total amount of drugs = 4.5 grams of powder cocaine. [See Page 6 - ¶ 14]

However, Defendant Jones does not admit that he sold drugs on these three occasions: June 28, July 15, or July 26 of 2010. Mr. Jones does not admit to the drug sales alleged to have occurred on these three dates. These drug sales are not part of the offense conduct charged in the federal indictment.

## CONCLUSION

Mr. Jones is a father and a son. His mother suffers from sever heart congestion and must be supervised. Currently, Mr. Jones is the person best able to attend to his mother's needs. Additionally, Mr. Jones has suffered a tremendous loss with the death of his brother last year. Several of the pending state charges concern conduct alleged to have occurred following

the death of the brother of Mr. Jones. Mr. Jones has suffered from depression since his brother's death. The family is convinced that the death was a murder. The family has been obsessed with thoughts about the brother's death and the cause of death.

The courts are now invited to consider arguments that the applicable guidelines fail properly to reflect § 3553(a) considerations, reflect an unsound judgment, do not treat defendant characteristics in the proper way, or that a different sentence is appropriate regardless. *Rita v United States*, 551 U.S. 338, 351, 357 (2007). Judges "may vary [from guideline ranges] based solely on policy considerations, including disagreements with the Guidelines." Kimbrough v. United States, 552 U.S. 85, 101 (2007).

Mr. Jones asks for probation to be home for Christmas and to be with his family. His youngest child was born while he has been in custody. Mr. Jones looks forward to holding his child in his arms.

It is clear that Mr. Jones has other cases pending in the State. He is aware that he must go to court and appear on these charges. He has retained counsel to represent him and has been preparing to move forward with his defense.

Mr. Jones is asking to be home for Christmas and asks that the Court grant his request for probation.

Attachments containing copies of Certificates earned by Mr. Jones while incarcerated are attached.

Respectfully submitted, this the 2nd day of November 2011.

                                    s/ Leslie J. Fatowe_____
                                    LESLIE J. FATOWE (BPR #07167)
                                    Attorney for Defendant Eddie Jones
                                    211 East Main Street
                                    Jackson, Tennessee 38301
                                    (731)422-0044
                                    lesliefatowe@att.net

                                    s/ Leslie J. Fatowe\_\_\_\_
                                    LESLIE J. FATOWE

## **CERTIFICATE OF SERVICE**

I, Leslie J. Fatowe, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court via the Court's Electronic Case Filing (EFC) system, which sent notification of said filing to all counsel of record, this the 2nd day of November 2011, and the foregoing was sent via First Class mailing postage pre-paid, or hand-delivery to:

David Henry
Office of the United States Attorney
Western District of Tennessee
109 South Highland, Suite 300
Jackson, Tennessee 38301

And

Joseph Long
United States Probation Officer
Western District of Tennessee
109 South Highland, 1st Floor
Jackson, Tennessee 38301

                                      s/ Leslie J. Fatowe____
                                      LESLIE J. FATOWE